UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERICK ALBERTO-GALICIA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-03795-GJL

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Erick Alberto-Galicia is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On October 6, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release. *Id.* Respondents to the Petition include Bruce Scott (Warden of the NWIPC) and Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary).[1] The Petition is fully briefed. Dkts. 1, 8, 11.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release as set forth below.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States approximately six years ago when he was sixteen years old. Dkt. 1 at 3, 5. Petitioner is a member of the certified "Bond Denial Class" in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), which was affirmed by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). In a previous habeas action filed by the Petitioner, United States District Judge Tiffany M. Cartwright found that Petitioner's detention without process was unlawful, granted habeas relief, and ordered that Petitioner receive an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 7 at 2–3; *Alberto-Galicia v. Scott*, No. 2:26-cv-02619-TMC, Dkt. 5 (W.D. Wash. Aug. 13, 2026).

Pursuant to that relief, Petitioner received a bond hearing before Immigration Judge ("IJ") John Odell on September 9, 2026. Dkt. 6 at 5–6. The bond proceedings were not recorded, and no neutral contemporaneous record exists. Dkt. 6 at 2. In advance of the hearing, Petitioner submitted a motion for bond redetermination and supporting evidence. Dkt. 6 at 2; Dkt. 7. Among other things, Petitioner's submissions outlined his continuous residence in the United States since his arrival approximately six years ago, his lack of criminal record, his family ties, his stable residence with, and possible sponsorship by, his sister-in-law, and his intent to file an application for asylum, withholding of removal, and protection under the Convention Against Torture. Dkt. 7. Respondents do not address what, if any, evidence was submitted by the government for the IJ's consideration at the bond hearing.

At the conclusion of the hearing, IJ Odell denied bond. Dkt. 6 at 2, 5–6. Petitioner's counsel, who was present at the hearing, does not recall what, if any, explanation or reason IJ Odell provided for the bond denial decision. *Id.* at 3. Respondents do not submit any evidence of what was stated or occurred at the hearing. Following the hearing, IJ Odell issued his decision on

a checkbox form finding that Petitioner "did not show that his is not a Flight Risk." *Id.* at 5. The checkbox order does not include any other reason, explanation, or discussion of the bond denial decision or the evidence upon which it rested. *Id.* at 5–6.

## II. PROCEDURAL BACKGROUND

Petitioner initiated this action on October 6, 2026, by filing a federal habeas Petition. Dkt. 1. Petitioner also filed supporting materials. Dkts. 6, 7. Respondents filed a Return and supporting materials on October 21, 2026. Dkt. 8; Dkts. 9, 9-1–9-4; Dkt. 10. Petitioner filed a timely Traverse. Dkt. 11. Thus, this matter is now fully briefed and ready for consideration by the Court.

## III. HABEAS STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

In his Petition, Petitioner argues that the IJ's bond determination was arbitrary and an abuse of discretion, that exhaustion of administrative remedies should not be required, and that immediate release is the only appropriate remedy. Dkt. 1. In their Return, Respondents do not address the merits of Petitioner's claims, arguing only that Petitioner should be required to exhaust available administrative remedies before the Board of Immigration Appeals ("BIA").

Dkt. 8. In his Reply, Petitioner maintains that Respondents' exhaustion argument is without merit and that waiver of exhaustion is appropriate. Dkt. 11 at 5–9. Petitioner further points to Respondents' failure to identify any rational evidentiary basis or reasoning supporting the IJ's custody determination as additional support for the propriety of habeas relief in this case. *Id.* at 3–5.

The Court agrees with Petitioner that exhaustion is properly waived, that the IJ's bond determination constituted an abuse of discretion, and that he is entitled to immediate release.

First, even if exhaustion were required, as recently noted by another court in this District, waiver of that requirement is appropriate given the frequently delayed remedies available through the BIA and the comparatively swift relief available via habeas corpus proceedings:

> If Petitioner is correct that [his] detention is unlawful and h[is]immediate release is required, even a successful BIA appeal process is no adequate substitute for the swifter redress available through the habeas writ. A petition for writ of habeas corpus is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). This is for good reason: the Constitution cannot abide the prolonged confinement of a person who by law should be at liberty. Therefore, "[t]he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

*Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (last alteration in original). Moreover, Petitioner identifies individualized harms caused by his continued detention pending BIA appeal, such as prolonging his separation from his family and preventing him from returning to his stable residence and resuming employment. Dkt. 11 at 8. Thus, the Court concludes that the circumstances presented here warrant waiver of the exhaustion requirement.

With regard to the merits of his claim, the Court finds that Petitioner has satisfied his burden of demonstrating by a preponderance of the evidence that reviewable legal or

constitutional errors pervaded his immigration bond proceedings and warrant the grant of habeas relief.

The circumstances of Petitioner's bond hearing are alarmingly similar to those encountered by the Court in *Gomez-Ortiz v. Scott*, No. 2:26-CV-03284-GJL, 2026 WL 3216073, at *2 (W.D. Wash. Oct. 27, 2026). Like Petitioner here, the petitioner in *Gomez-Ortiz* received a bond hearing before an IJ pursuant to a prior grant of habeas relief. *Id.* at *1–2. The immigration bond proceedings were not recorded. *Id.* at *2, 6. The Respondents could not produce a contemporaneous record of the IJ's reasoning either in a neutral form or from the perspective of the IJ. *Id.* Instead, the only bond denial justification was recorded on a checkbox form that failed to provide any reasoning, explanation, or discussion of the evidence supporting the decision. *Id.* Although the parties in *Gomez-Ortiz* speculated as to what evidence may have formed the basis of the IJ's decision (something the parties in this case have not even attempted to do or are perhaps unable to do given the minimal information available about the IJ's decision), there was not a declaration from those present at the hearing or other competent evidence of the IJ's explanations of law, fact, and reasoning in support of the decision. *Id*

After confirming its jurisdiction over the claim, waiving exhaustion, and outlining the appropriate legal standards, the Court concluded that "the absence of any reasoned explanation from the IJ leaves the Court without a basis to determine whether he meaningfully considered the evidence presented during the bond proceedings or rationally applied the law to the particular facts of Petitioner's case." *Id.* at *7. Consequently, "the bond denial decision…was an abuse of discretion," and "Petitioner's continued detention pursuant to the IJ's unreasoned flight-risk determination violates due process." *Id.* at *8.

As for the remedy in *Gomez-Ortiz*, the Court ordered immediate release rather than a conditional writ requiring that another bond hearing be provided, noting that "Respondents have

already been afforded an opportunity to cure legal deficiencies underlying Petitioner's detention" and that they failed to do so. *Id.* (citing *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) ("The consequence when the State fails to replace an invalid judgment with a valid one is always release.")). So too here. *Alberto-Galicia*, No. 2:26-cv-02619-TMC, Dkt. 5 (ordering bond hearing to cure legal defects underlying Petitioner's detention).

The same legal principles, conclusions, and remedy discussed in *Gomez-Ortiz* apply in this case.

## V. CONCLUSION

Accordingly, Petitioner's habeas Petition (Dkt. 1) is **GRANTED** and the Court **ORDERS** as follows:

(1) Respondents **SHALL release** Petitioner Erick Alberto-Galicia from custody **IMMEDIATELY** either on his own recognizance or under conditions of supervision reasonably necessary to ensure his appearance; and

(2) Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of release.

Dated this 28th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge